UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL J. G.,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, Facility Administrator, Golden State Annex; MOISES BECERRA, Field Office Director, San Francisco Field Office, U.S. Immigration and Customs Enforcement,<br><br>Respondents. | No. 1:26-cv-06005-RLP<br><br>ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART |

Before the Court is Petitioner Angel J. G.'s ("Petitioner") petition for a writ of habeas corpus. ECF No. 1. Petitioner contends his continued detention violates

the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. He requests immediate release from custody. Alternatively, he requests a *Joseph* hearing to determine whether he is properly subject to mandatory detention under 8 U.S.C. § 1226(c) and, if his detention continues, an individualized bond hearing. Respondents move to dismiss the petition, asserting Petitioner's criminal convictions subject him to mandatory detention under § 1226(c).

The parties primarily dispute whether Petitioner is properly subject to mandatory detention under § 1226(c). The Court concludes that this question should be addressed at a *Joseph* hearing. Accordingly, the Court grants the petition in part and does not reach Petitioner's constitutional claims.

## BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States on or about March 23, 2006 and was granted Lawful Permanent Resident status. ECF No. 9 at 13. He has a lengthy criminal history. In 2003, he was arrested for assault with a deadly weapon likely to produce great bodily harm. *Id*. at 21. In 2007, he was arrested for battery against a spouse or ex-spouse. *Id*. In 2008, he was arrested and convicted of driving with a suspended license. *Id*. at 22. In 2009, he was arrested for driving without a license, felony inflicting corporal injury on a spouse

or cohabitant, and failure to appear. *Id*. at 22-23. In 2010, he was arrested for driving with a suspended license, other vehicle code violations, and failure to appear. *Id*. In 2011, he was arrested for robbery and failure to appear, which later resulted in a conviction for grand theft from a person. *Id*. at 24. That same year, he was arrested and convicted of possession of a controlled substance and driving without a license. *Id*. at 24-25.

In 2012, he was arrested for possession of a controlled substance, felony infliction of corporal injury on a spouse/cohabitant, threatening crime with intent to terrorize, battery with serious bodily injury, and felony assault with a deadly weapon with force possibly resulting in great bodily injury. *Id*. at 25-26. Of those, he was convicted of infliction of corporal injury on a spouse or cohabitant in violation of Cal. Penal Code § 273.5(a), and assault with a deadly weapon with force possibly resulting in great bodily injury in violation of Cal. Penal Code § 245(a)(4). *Id*. He was sentenced to a two-year term of imprisonment for those convictions. *Id*. at 31.

In 2014, after serving his time, he was arrested and convicted of obstruction/resisting an officer. *Id*. at 27. In 2024, he was arrested for attempted felony murder, which resulted in a conviction for assault on a person with a semiautomatic firearm and a four-year prison sentence. *Id*. at 27-28.

*Immigration proceedings*

On September 23, 2025, Petitioner was served with a Notice to Appear, initiating removal proceedings based on his 2025 assault conviction. ECF No. 1-3 at 2.

On October 8, 2025, he appeared for a custody hearing before an Immigration Judge. ECF No. 1 at 24; *see also* ECF No. 9 at 2. The Immigration Judge indicated that Petitioner was ineligible for bond because he was subject to mandatory detention based on his criminal convictions. *Id*. Petitioner then withdrew his bond request. *Id*.

On January 9, 2026, the Department of Homeland Security added a second charge of deportability based on Petitioner's conviction under Cal. Penal Code § 273.5(a) for infliction of corporal injury on a spouse or cohabitant. ECF No. 1-4 at 2.

On June 23, 2026, a California Superior Court entered an order vacating Petitioner's conviction for infliction of corporal injury on a spouse or cohabitant in violation of Cal. Penal Code § 273.5(a). ECF No 1-5 at 2. The state court concluded the conviction was legally invalid based on prejudicial error that resulted in an involuntary plea in violation of the Fifth and Fourteenth Amendments. *Id.*

Petitioner filed motions to terminate his removal proceedings based on these

developments, which an Immigration Court denied without prejudice and indicated the court would "sua sponte reconsider" at the next-scheduled "Master Calendar Hearing." ECF No. 1-6 at 2; *see also* ECF No. 1-7 at 2 (scheduling the motions hearing for August 12, 2026).

On July 9, 2026, Petitioner filed an Emergency Motion for Immediate Adjudication of his Motion to Terminate Removal Proceedings. ECF No. 1-8 at 3. The Immigration Court rejected the filing based on its explanation that there was "[n]o pending motion to terminate." *Id*. at 2.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

IMMIGRATION & NATIONALITY ACT (INA)

8 U.S.C. § 1226 governs the detention of noncitizens pending the outcome of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Section 1226(a) establishes the general rule and permits the Attorney General to detain a noncitizen or release the noncitizen on bond or conditional parole. *See id*. Section 1226(c), however, requires detention of noncitizens who fall within specified criminal categories and generally does not permit release on bond. *Id*. at 289; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Any detainee "who believes that he is not covered by § 1226(c) may . . . ask for what is known as a '*Joseph* hearing'" from the immigration court. *Jennings*, 583 U.S. at 289 n.1 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). At such a hearing, the detainee may avoid mandatory detention by demonstrating that he was not convicted of a qualifying predicate offense or that the Government is otherwise substantially unlikely to establish that he is subject to mandatory detention. *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003).

Here, the parties disagree over whether Petitioner's convictions properly subject him to mandatory detention under § 1226(c). Petitioner contends the convictions identified in the existing removal charges no longer provide valid predicates for mandatory detention. Among other things, he relies on the June 2026 vacatur of his § 273.5(a) conviction and intervening Ninth Circuit authority

concerning California assault offenses. *See* ECF No. 1 at 2–3, 21–22. Respondents dispute the immigration effect of that vacatur and contend Petitioner's other convictions independently subject him to mandatory detention. *See* ECF No. 9 at 3–5.

Those arguments concern whether Petitioner is properly included within § 1226(c)'s mandatory-detention categories, the question a *Joseph* hearing is designed to resolve. *See Jennings*, 583 U.S. at 289 n.1; *Nielsen v. Preap*, 586 U.S. 392, 418 n.8 (2019). Although Petitioner previously appeared for a custody hearing, that hearing occurred before the June 2026 vacatur, and the record contains no evidence that a subsequent custody hearing has occurred.

Petitioner argues requiring a *Joseph* hearing would be futile because the Immigration Judge has already rejected substantially similar arguments in the removal proceedings. *See* ECF No. 1 at 13-14. The Court is not persuaded. A custody determination is "separate and apart from" the underlying removal proceedings. 8 C.F.R. § 1003.19(d). The Immigration Court's denial of Petitioner's motion to terminate therefore did not resolve whether, on the materially changed record, he remains properly classified within § 1226(c)'s mandatory-detention categories. No Immigration Judge has yet addressed that question in a post-vacatur custody proceeding. *See Smith v. Berryhill*, 587 U.S. 471, 488 (2019) ("Fundamental principles of administrative law . . . teach that a federal court generally goes astray if

it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question.”).

Accordingly, the Court grants the petition to the extent Petitioner requests a *Joseph* hearing. The Court does not decide whether any of his convictions qualify as predicates for mandatory detention under § 1226(c).

Petitioner also asserts that his continued detention violates the Fifth Amendment and requests immediate release or, alternatively, an individualized bond hearing. Because the Court grants this narrower relief, it need not resolve those constitutional questions at this time. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) (“A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.”). The Court therefore does not reach Petitioner's constitutional claims and denies his requests for immediate release and an individualized bond hearing without prejudice.

**Accordingly, IT IS ORDERED:**

1. Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED, in part** to the extent Petitioner requests a *Joseph* hearing. Petitioner's requests for immediate release and an individualized bond hearing are **DENIED WITHOUT PREJUDICE**.

2. Petitioner's Motion for Temporary Restraining Order, **ECF No. 2**, is **DENIED AS MOOT.**
3. Within fourteen (14) days of the date of this Order, unless Petitioner consents to a later date, Respondents shall provide Petitioner with a custody hearing before an Immigration Judge pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), to determine whether Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1226(c).
4. Within three (3) days after the *Joseph* hearing, Respondents shall file a notice certifying compliance with this Order and stating the outcome of the hearing.
5. Respondents' Motion to Dismiss, **ECF No. 9**, is **DENIED**.

**IT IS SO ORDERED.** The Court clerk shall enter this Order and provide copies to counsel.

DATED August 18, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE