UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ANGEL J. G.,

Petitioner,

v.

TONYA ANDREWS, Facility Administrator, Golden State Annex; MOISES BECERRA, Field Office Director, San Francisco Field Office, U.S. Immigration and Customs Enforcement,

Respondents.

No. 1:26-cv-06005-RLP

ORDER DENYING RENEWED MOTION FOR IMMEDIATE RELEASE

Before the Court is Petitioner Angel J. G.'s[1] "Renewed Motion for Immediate Release and for Habeas Review of His Continued Detention." ECF No.

[1] The Court uses Petitioner's first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

14. Respondents oppose the motion, ECF No. 16, and Petitioner replied, ECF No. 17. Petitioner subsequently filed a “Notice of Continued Detention and Resulting Impediments to Meaningful Access to Counsel.” ECF No. 18.

The Court previously granted Petitioner’s habeas petition in part and ordered a custody hearing pursuant to *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), to determine whether he is properly subject to mandatory detention under 8 U.S.C. § 1226(c). ECF No. 12. That hearing occurred, and the Immigration Judge concluded that Petitioner remains subject to mandatory detention. ECF No. 13.

The Court concludes that Petitioner has not demonstrated exhaustion of the available administrative review process or grounds sufficient to excuse exhaustion of his challenge to the statutory basis for mandatory detention. The Court therefore denies the renewed motion without prejudice and does not reach the merits of Petitioner’s constitutional challenge.

BACKGROUND

On August 18, 2026, the Court granted Petitioner’s habeas petition in part and directed Respondents to provide a *Joseph* hearing within fourteen days. ECF No. 12 at 8-9. The Court did not decide whether Petitioner’s convictions qualified as predicates for mandatory detention under § 1226(c). *Id.* at 8. Because the Court granted the narrower relief of a *Joseph* hearing, it declined to reach Petitioner’s Fifth Amendment claims and denied his requests for immediate release and an

individualized bond hearing without prejudice. *Id.* at 8-9.

On August 31, 2026, Petitioner appeared with counsel for a *Joseph* hearing. ECF No. 13 at 1, 3-5. The Immigration Judge concluded the Department of Homeland Security was not substantially unlikely to establish that Petitioner was removable on two grounds. First, the Immigration Judge determined that Petitioner's 2011 conviction under California Health and Safety Code § 11377(a) qualified as a controlled-substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). *Id.* at 3-4. Second, the Immigration Judge determined Petitioner's convictions under California Penal Code §§ 245(a)(2) and 245(a)(4) constituted two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). *Id.* at 4. The Immigration Judge also recognized Petitioner's 2025 assault conviction was under § 245(a)(2), rather than § 245(b), as alleged in the charging document. *Id.* at 3.

The Immigration Judge concluded Petitioner remained subject to mandatory detention under § 1226(c) and denied a change in custody status. *Id.* at 4. The Immigration Judge did not make findings concerning danger or flight risk because Petitioner's counsel declined to present evidence on those matters and requested a separate hearing under § 1226(a) if mandatory detention were found inapplicable. *Id.* Petitioner reserved his right to appeal the custody determination to the Board of Immigration Appeals (BIA), with an appeal deadline of September 30, 2026. *Id.* at 5.

Petitioner filed the present renewed motion on September 2, 2026. ECF No. 14. On September 14, 2026, the Superior Court of California, County of Santa Barbara, vacated Petitioner's September 7, 2011 convictions under California Penal Code § 1473.7(a)(1) and dismissed the underlying criminal action under § 1385(a). ECF No. 17-1 at 2-4. The state court determined that the convictions were legally invalid based on defects in the underlying criminal proceedings that resulted in involuntary pleas. *Id.* at 3.

## LEGAL STANDARD

8 U.S.C. § 1226 governs the detention of noncitizens pending the outcome of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Section 1226(a) establishes the general rule and permits the Attorney General to detain a noncitizen or release the noncitizen on bond or conditional parole. *See id*. Section 1226(c), however, requires detention of noncitizens who fall within specified criminal categories and generally does not permit release on bond. *Id*. at 289; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

Any detainee "who believes that he is not covered by § 1226(c) may . . . ask for what is known as a '*Joseph* hearing'" from the immigration court. *Jennings*, 583 U.S. at 289 n.1 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). At such a hearing, the detainee may avoid mandatory detention by demonstrating that he was not convicted of a qualifying predicate offense or that the Government is otherwise

substantially unlikely to establish that he is subject to mandatory detention. *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003). Importantly, an Immigration Judge's custody determination may be appealed to the BIA. 8 C.F.R. § 1003.19(f).

Federal courts retain habeas jurisdiction over constitutional claims and questions of law concerning immigration detention notwithstanding the restrictions on review of discretionary decisions imposed by § 1226(e). *Jennings*, 583 U.S. at 295-96; *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). That jurisdiction, however, does not eliminate the ordinary requirement that a petitioner exhaust available administrative remedies before seeking habeas review. *See Leonardo*, 646 F.3d at 1160-61.

Exhaustion in immigration habeas proceedings is prudential rather than jurisdictional. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). Courts consider three factors in determining whether to require exhaustion: (1) whether agency expertise is necessary to develop the record and reach a proper decision; (2) whether excusing exhaustion would encourage bypass of the administrative process; and (3) whether administrative review would permit the agency to correct its own errors and potentially eliminate the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Even when those factors favor exhaustion, a court may excuse the requirement if administrative remedies are inadequate or ineffective, further review would be

futile, irreparable injury would result, or the administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). When exhaustion is required but has not been completed, the district court ordinarily should dismiss without prejudice or stay proceedings pending exhaustion. *Leonardo*, 646 F.3d at 1160-61.

## DISCUSSION

Petitioner renews his challenge to the statutory and constitutional grounds for his continued detention following the *Joseph* hearing. The Court first addresses whether Petitioner has exhausted his administrative remedies concerning his classification under § 1226(c), then considers whether exhaustion should be excused.

### A. Petitioner Has Not Exhausted His Administrative Remedies

Petitioner challenges the Immigration Judge's determination that his convictions subject him to mandatory detention under § 1226(c). He argues California Health and Safety Code § 11377(a) is categorically broader than the corresponding federal controlled-substance ground because of California's treatment of controlled substance analogs. ECF No. 14 at 11-15. He also argues his conviction under California Penal Code § 245(a)(2) does not categorically qualify as a crime involving moral turpitude, although he recognizes his separate § 245(a)(4) conviction qualifies under existing Ninth Circuit precedent. *Id.* at 15-18. In his reply, Petitioner further argues that the September 14 vacatur eliminates his 2011

controlled-substance conviction as a present basis for mandatory detention. ECF No. 17 at 2-4.

Respondents maintain Petitioner's criminal convictions subject him to mandatory detention under § 1226(c). ECF No. 16 at 1-2; *see also* ECF No. 9 at 3-6. They rely on their earlier motion to dismiss and emphasize that Petitioner received the *Joseph* hearing ordered by this Court. ECF No. 16 at 1-2.

The Ninth Circuit's decision in *Leonardo* is instructive. There, the petitioner sought habeas review of an adverse immigration bond determination without first appealing to the BIA. 646 F.3d at 1159-61. The Ninth Circuit concluded that he ordinarily was required to pursue BIA review before obtaining habeas relief. *Id.* at 1160-61. Although *Leonardo* concerned an individualized bond determination under § 1226(a), rather than a *Joseph* determination under § 1226(c), the same avenue of administrative review is available here. *See id.*; 8 C.F.R. § 1003.19(f).

Petitioner asks the Court to resolve the same statutory questions addressed at the *Joseph* hearing: whether his convictions subject him to mandatory detention under § 1226(c). ECF Nos. 13 at 3-4; 14 at 11-18. The Immigration Judge resolved those questions against Petitioner, and that determination is subject to BIA review. ECF No. 13 at 3-4; 8 C.F.R. § 1003.19(f).

The record establishes that Petitioner reserved his right to appeal the Immigration Judge's custody determination, with an appeal deadline of September

30, 2026. ECF No. 13 at 5. However, because the record does not establish whether an appeal was filed or resolved, Petitioner has not demonstrated that he exhausted his administrative remedies.

B. Petitioner Has Not Established Grounds to Excuse Exhaustion

Petitioner argues that further administrative exhaustion should be excused. ECF No. 14 at 18-22. He maintains the court-ordered *Joseph* hearing afforded the agency an opportunity to address the statutory predicates for mandatory detention and that no additional administrative record is necessary to resolve the remaining legal questions. *Id.* at 18-20. He further argues that requiring a BIA appeal would prolong his detention and cause irreparable injury. *Id.* at 19-22.

However, the Court concludes the *Puga* factors favor requiring exhaustion.

First, Petitioner argues no further administrative record is necessary because the *Joseph* hearing has occurred and the remaining categorical questions are legal. ECF No. 14 at 18-20. The Court agrees the relevant convictions and the Immigration Judge's statutory determination are identified in the existing record. See ECF No. 13 at 3-5. Accordingly, this factor does not strongly favor requiring exhaustion. *See Hernandez*, 872 F.3d at 989 (concluding that an administrative appellate record was unnecessary to resolve purely legal questions concerning agency bond procedures).

Second, the Court recognizes Petitioner did not bypass the administrative

process altogether. He appeared with counsel at the *Joseph* hearing ordered by this Court and received a written custody determination. ECF No. 13 at 1, 3-5. But the administrative review process permits an appeal of that determination to the BIA. 8 C.F.R. § 1003.19(f). Excusing exhaustion before that appeal is completed would permit habeas review without first affording the BIA an opportunity to consider the custody determination. *See Leonardo*, 646 F.3d at 1160-61. Thus, this factor favors requiring exhaustion.

Third, administrative review may eliminate the need for judicial review of Petitioner's statutory arguments. *See Puga*, 488 F.3d at 815. If the BIA determines that Petitioner's convictions do not establish the predicates for mandatory detention, that determination could affect his eligibility for an individualized custody hearing under § 1226(a). *See Jennings*, 583 U.S. at 288-89; 8 C.F.R. § 1003.19(f). This factor therefore favors requiring exhaustion. On balance, the *Puga* factors favor requiring exhaustion here.

Petitioner relies on *Hernandez* to argue that further administrative review is unnecessary because the remaining issues are legal. ECF No. 14 at 19-20. But *Hernandez* involved a challenge to generally applicable bond procedures, and the Ninth Circuit concluded that the BIA's position on the challenged procedures was already established. 872 F.3d at 988-89. Here, Petitioner challenges the classification of his particular convictions under § 1226(c), and he has not shown that the BIA has

adopted a position that would make review of the Immigration Judge's determination futile. *See* 8 C.F.R. § 1003.19(f).

Petitioner also relies on *Buckley v. Chestnut*, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931 (E.D. Cal. Apr. 16, 2026). ECF No. 14 at 20-21. There, the court declined to excuse exhaustion of a statutory challenge to mandatory detention because the petitioner had not completed the *Joseph* hearing process or BIA review. *Buckley*, 2026 WL 1030931, at *3-4. Petitioner argues his case is different because he has completed the *Joseph* hearing and obtained a written decision identifying the grounds for mandatory detention. ECF No. 14 at 20-21. Although Petitioner has completed the hearing before the Immigration Judge, *Buckley* also recognized the availability of BIA review as part of the administrative process. 2026 WL 1030931, at *3-4. Accordingly, completion of the *Joseph* hearing does not, by itself, excuse Petitioner from pursuing available BIA review. *See id.*; 8 C.F.R. § 1003.19(f).

Petitioner also has not demonstrated that the circumstances surrounding the *Joseph* hearing warrant excusing exhaustion under *Laing*. *See Laing*, 370 F.3d at 1000. Petitioner argues the limited notice of the hearing prevented counsel from preparing evidence concerning danger or flight risk. ECF No. 14 at 2-4. The Immigration Judge noted counsel declined to present such evidence and requested a separate § 1226(a) hearing if mandatory detention were found inapplicable. ECF No. 13 at 4. Although no individualized findings were made, that circumstance does not

establish that BIA review of the Immigration Judge's statutory custody determination would be unavailable or futile.

Nor has Petitioner demonstrated the anticipated delay from further administrative review warrants excusing exhaustion. *See Laing*, 370 F.3d at 1000. Petitioner contends additional proceedings would prolong his detention and his "Notice of Continued Detention and Resulting Impediments to Meaningful Access to Counsel" describes difficulties communicating with counsel and exchanging legal documents. ECF Nos. 14 at 19-22; 18 at 1-4. Petitioner also maintains that his upcoming removal hearing may not end his detention because he intends to appeal any adverse removal decision to the BIA and, if necessary, seek review in the Ninth Circuit. ECF No. 18 at 4. Although those proceedings could extend his detention, they are distinct from administrative review of the Immigration Judge's custody determination. *See* 8 C.F.R. § 1003.19(f). Petitioner has not demonstrated that BIA review of that determination would take an unreasonable amount of time or otherwise be incapable of providing relief on his statutory challenge. *See Buckley*, 2026 WL 1030931, at *4; *Laing*, 370 F.3d at 1000.

The availability of further administrative review is particularly relevant given the September 14 vacatur of Petitioner's 2011 convictions, including the controlled substance conviction identified as a basis for mandatory detention. ECF Nos. 13 at 3-4; 17-1 at 2-4. Because the vacatur occurred after the Immigration Judge issued

the *Joseph* decision, Petitioner may request reconsideration of whether he remains subject to mandatory detention based on materially changed circumstances. *See* 8 C.F.R. § 1003.19(e), (h)(2)(ii). The availability of that procedure further weighs against excusing exhaustion as futile.

Petitioner further argues that, despite the Court's request for supplemental briefing, Respondents failed to explain why his convictions support mandatory detention under § 1226(c). ECF No. 17 at 12-16. Respondents' original motion addressed the 2025 assault conviction as a violation of § 245(b), whereas the Immigration Judge identified the conviction as one under § 245(a)(2). ECF Nos. 9 at 5; 13 at 3. Respondents' subsequent opposition relied on their original motion without providing a separate categorical analysis of § 245(a)(2) or addressing Petitioner's challenge to the controlled-substance predicate under § 11377(a). ECF No. 16 at 1-2. But that omission does not establish that administrative review would be unavailable or futile. The BIA may review the Immigration Judge's determination concerning § 245(a)(2). 8 C.F.R. § 1003.19(f).

Petitioner also relies on his pending U-visa petition and a preliminary order in *Immigration Center for Women and Children v. Noem*, No. 2:25-cv-09848-AB-AS (C.D. Cal.), staying the rescission of certain ICE policies concerning individuals with pending victim-based immigration petitions. ECF No. 17 at 4-7. He argues those policies require consideration of favorable enforcement discretion, including

potential release from detention. *Id.* But that argument concerns whether ICE should exercise its enforcement authority to release Petitioner, whereas his statutory challenge concerns whether his convictions subject him to mandatory detention under § 1226(c). *See id.*; ECF No. 14 at 11-18. The Court therefore need not resolve the effect of those policies to determine whether Petitioner must exhaust administrative review of his statutory custody classification. *See* 8 C.F.R. § 1003.19(f).

Accordingly, the Court concludes that Petitioner has not demonstrated sufficient grounds to excuse exhaustion of his available administrative remedies concerning his classification under § 1226(c).

Petitioner separately renews his constitutional challenge to the duration of his detention without an individualized determination of danger or flight risk and requests immediate release. ECF No. 14 at 21-23. He relies on *Buckley*, where the court reached a separate procedural due process challenge notwithstanding the petitioner's failure to exhaust his statutory challenge to mandatory detention. *Id.* at 21; *Buckley*, 2026 WL 1030931, at *4-5. The Court recognizes Petitioner's constitutional challenge is distinct from his dispute over his classification under § 1226(c). Nevertheless, the September 14 vacatur and available administrative procedures may materially affect Petitioner's custody classification and whether an individualized bond hearing becomes available. *See* ECF Nos. 13 at 3-5; 17-1 at 2-4;

8 C.F.R. § 1003.19(e), (f), (h)(2)(ii). Under these circumstances, the Court declines to reach the constitutional question at this time.

CONCLUSION

**Accordingly, IT IS ORDERED:**

1. Petitioner's "Renewed Motion for Immediate Release and for Habeas Review of His Continued Detention," **ECF No. 14**, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** The Court clerk shall enter this Order and provide copies to counsel.

DATED November 23, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE